IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARRON WALKER, :
    Petitioner : No. 1:07-cr-00263
     :
v. : (Chief Judge Kane)
     :
UNITED STATES OF AMERICA, :
    Respondent :

## MEMORANDUM

Presently pending before the Court is Petitioner Barron Walker's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 355.) For the reasons that follow, the Court will deny the motion.

## I. BACKGROUND

In August 2008, a jury convicted Petitioner of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 (Count I); conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count II); possession of a firearm in furtherance of the distribution of crack cocaine in violation of 18 U.S.C. § 924(c) (Count III); possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count V); and interference with commerce by threats or violence in violation of 18 U.S.C. § 1951(a) (Count VI). (Doc. No. 325.) Petitioner was sentenced to a term of imprisonment of 570 months, consisting of a term of 210 months with respect to Counts I, II, and VI, to run concurrently; a consecutive term of sixty months with respect to Count III; and a consecutive term of 300 months with respect to Count V. (Doc. No. 325.) The United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on September 13, 2011. (Doc. No. 348.) On October 1, 2012, Petitioner moved the Court to vacate, set aside, or correct his sentence. (Doc. No. 355.)

## II. STANDARD OF REVIEW

1

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "'a fundamental defect which inherently results in a complete miscarriage of justice.'" Addonizio, 442 U.S. at 185 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Section 2255(b) advises that a prisoner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). When the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). If the record conclusively negates the factual predicates asserted in support of a Section 2255 motion, or, if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the trial court may elect to not conduct an evidentiary hearing. Nicholas, 759 F.2d at 1075.

### III. DISCUSSION

Petitioner raises four arguments in support of his Section 2255 motion. First, he contends that his Fifth and Fourteenth Amendment rights were violated when Attorney Michael Consiglio suppressed requested Brady material concerning witness Skylar Rhoades. (Doc. No. 358 at 3-4.)

2

Second, Petitioner argues that his trial counsel was ineffective because he failed to investigate, prepare, and object to the Government's alleged use of Rhoades's perjured testimony. (Id. at 5.) Third, Petitioner argues that Attorney Consiglio committed prosecutorial misconduct when he knowingly allowed Rhoades to falsely testify, suppressed impeachment evidence of this witness, and improperly used the grand jury proceedings to obtain testimonial evidence to assist him in preparation for trial. (Id. at 7-8.) Finally, he argues that he was denied effective assistance of counsel when his counsel failed to object, challenge, or raise a claim of prosecutorial misconduct based on the previous argument. (Id. at 11-12.)

### A. The Government's Alleged Brady Violation for Failure to Disclose Evidence

Petitioner first contends that Attorney Consiglio withheld exculpatory evidence material to the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963). Specifically, Petitioner argues that Attorney Consiglio's failure to disclose information regarding a March 8, 2007 incident involving Government witness Skylar Rhoades until after the trial prejudiced his defense. (Doc. No. 358 at 3-4.) Attorney Consiglio delayed in disclosing information that, on March 8, 2007, approximately 0.18 grams of cocaine base was found in the trunk of Rhoades's car, just before Rhoades was set to make a controlled buy of crack cocaine. (Id. at Ex. 5.) According to Petitioner, his trial strategy was to challenge Rhoades's credibility, and, thus, he argues, evidence that Rhoades was not charged in relation to the March 8, 2007, incident would have helped to demonstrate that Rhoades had a motive to lie to please the Government. (Id. at 5.)

When the prosecution suppresses evidence favorable to the defendant that is material either to guilt or punishment, the defendant's due process rights are violated. Brady, 373 U.S. at 87. Included in this definition is exculpatory or impeachment evidence. United States v.

3

Bagley, 473 U.S. 667, 676 (1985); Giglio v. United States, 405 U.S. 150, 154 (1972). "[T]o establish a Brady violation requiring relief, a defendant must show that (1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material." Lambert v. Blackwell, 387 F.3d 210, 252 (3d Cir. 2004) (citing Banks v. Dretke, 540 U.S. 668 (2004)). Information is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Lambert v. Beard, 633 F.3d 126, 133 (3d Cir. 2011) (quoting Bagley, 473 U.S. at 682). This showing, however, "does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal . . . ." Kyles v. Whitley, 514 U.S. 419, 434 (1995). Rather, the

> touchstone of materiality is a "reasonable probability" of a different result . . . . The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A "reasonable probability" of a different result is accordingly shown when the government's evidentiary suppression undermines confidence in the outcome of the trial.

Id. (quoting Bagley, 473 U.S. at 678).

Upon review of the record, the Court finds that Petitioner's Brady argument fails on the materiality prong. The record indicates that Petitioner's trial counsel impeached Rhoades by eliciting testimony regarding Rhoades's self-interested motivation in agreeing to testify against Petitioner and his co-defendant at trial. (Doc. No. 337 at 377-83.) Specifically, Petitioner's counsel noted during the trial that, in exchange for Rhoades's cooperation, the Government dismissed two charges pending against him and recommended a substantial reduction in his term of imprisonment on a separate charge. (Id. at 377-78.) Because Petitioner's counsel effectively

4

challenged Rhoades's credibility at trial, the value of the additional evidence that Rhoades possessed a small amount of crack cocaine on March 8, 2007 would have been minimal. Thus, it is not reasonably probable that the disclosure of this evidence would have resulted in a different outcome at trial. See Tankleff v. Senkowski, 135 F.3d 235, 251 (2d Cir. 1998) ("When a witness's credibility has already been substantially called into question in the same respects by other evidence, additional impeachment evidence will generally be immaterial and will not provide the basis for a Brady claim."). Accordingly, Petitioner is not entitled to habeas relief on this ground.

> B.   **Counsel's Alleged Failure to Investigate, Prepare, and Object to Attorney Consiglio's Use of the Perjured Testimony of Skylar Rhoades**

Petitioner next alleges that his counsel was ineffective for failing to investigate, prepare, impeach, or object to the following portions of Skylar Rhoades's testimony: (1) Rhoades's testimony at trial relating to an agreement for reduction of his sentence; (2) Rhoades's testimony at trial relating to his involvement in drugs; and (3) Rhoades's testimony before the grand jury relating to a transaction involving drugs and firearms. (Doc. No. 358 at 6.)

To demonstrate that counsel was ineffective, a petitioner must meet the two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). See George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The first element of the Strickland test requires a petitioner to "show that counsel's performance was deficient." Strickland, 466 U.S. at 687. This requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Courts should be "highly deferential" when evaluating an attorney's conduct, as there is a "strong presumption" that the attorney's performance was reasonable. Id. at 689. The second element of the Strickland test requires a petitioner to show that "the deficient performance prejudiced the

5

defense." Id. This requires showing that "counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable." Id. When assessing whether Petitioner has made out a claim of ineffective assistance of counsel, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006) (citing Strickland, 466 U.S. at 668).

1. *Rhoades's Testimony Regarding Reduction of Sentence*

First, Petitioner alleges that his counsel was ineffective because he did not elicit testimony from Rhoades regarding his cooperation with the Government. (Doc. No. 358 at 6.) Petitioner alleges that Rhoades falsely testified about promises he received from the Government concerning a reduction in sentence and that counsel should have impeached Rhoades with testimony from the grand jury proceeding. (Id.) Petitioner, however, suffered no prejudice from this decision because his counsel effectively addressed this issue, as evidenced by the six trial transcript pages of cross-examination concerning Rhoades's motivation to testify for the Government. (Doc. No. 337 at 377-83.) Specifically, during trial, counsel highlighted that: two of Rhoades's more serious offenses were dismissed by the Government; Rhoades pleaded guilty to being a felon in possession of a firearm; his sentencing guidelines were nearly fifteen years, and that he made a deal with the Government to receive an imprisonment term of sixty-three months, a reduction of nearly 117 months. (Id.) In light of this cross-examination, the Court finds that counsel effectively impeached Rhoades with respect to his motivation to testify and that Petitioner suffered no prejudice as a result of counsel's decision to not elicit further testimony about Rhoades's cooperation with the Government.

2. *Rhoades's Testimony Regarding Involvement in Drug Activity*

6

Petitioner next alleges that his counsel was ineffective for failing to investigate or take action with respect to Rhoades's testimony that Rhoades was not involved in drug activity while working as an informant. (Doc. No. 358 at 6.) As discussed, Petitioner's counsel was not made aware of Rhoades's drug activity until after the conclusion of the jury trial. (Doc. No. 268.) While this evidence would have been relevant to Rhoades's credibility, because of its untimely disclosure, counsel's only recourse was to file a motion for a new trial or raise the issue on appeal. Counsel pursued both options. First, upon discovering the evidence, he promptly filed a motion for a new trial alleging that the Government improperly withheld Brady material. (Doc. No. 223.) This Court denied the motion on the ground that the defendants effectively cross-examined Rhoades at trial, making it unlikely that the jury would have reached a different result if the material had been disclosed. (Doc. No. 268.) Next, Petitioner's counsel raised this issue on appeal, and the Third Circuit determined that the evidence was not material to the outcome of the trial. (Doc. No. 349 at 53.) The record indicates that Petitioner's counsel pursued every option available regarding this piece of evidence and, therefore, the Court finds that counsel was not deficient and that Petitioner could not have been prejudiced by his counsel's performance.

3. *Rhoades's Inconsistent Statements*

Finally, Petitioner alleges that his counsel was ineffective for failing to thoroughly cross-examine Rhoades on an inconsistency between his trial testimony and his grand jury testimony regarding whether he witnessed Petitioner and his co-defendant "involved in a drug transaction with a gun and drugs." (Doc. No. 355 at 7; Doc. No. 358 at 6.) Petitioner argues that counsel failed to utilize the inconsistency to impeach Rhoades or notify the Court that the witness had committed perjury. (Doc. No. 355 at 7.) Although Petitioner's counsel did not explicitly state during his cross examination that Rhoades previously had misidentified the defendants during

7

his grand jury testimony, the record fully supports that counsel effectively cross-examined Rhoades on a variety of other issues. (Doc. No. 337 at 377-83.) Under Strickland, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the Court must "eliminate the distorting effects of hindsight." McBride v. Superintendent, SCI Houtzdale, 687 F.3d 92, 107 (3d Cir. 2012) (citing Strickland, 466 U.S. at 687-89). The Court finds that counsel's failure to pursue impeachment on this specific inconsistency did not prejudice Petitioner or detrimentally affect the fairness of his trial. Accordingly, Petitioner is not entitled to habeas relief on this ground.

### C. Failure to Pursue Claim of Prosecutorial Misconduct

Petitioner next argues that his due process rights under the Fifth and Fourteenth Amendments were violated by the prosecutorial misconduct of Attorney Consiglio, whom he alleges knowingly presented false testimony through Skylar Rhoades, suppressed impeachment evidence of Rhoades, and improperly used the grand jury proceedings to obtain testimonial evidence in preparation for Petitioner's trial. (Doc. No. 358 at 7.)

First, Petitioner argues that Attorney Consiglio was in possession of Rhoades's grand jury testimony and failed to correct an inconsistency in Rhoades's trial testimony. (Id. at 9.) Petitioner alleges that Attorney Consiglio capitalized on this occurrence by giving the Court and the jury the false impression that Rhoades was being truthful when he knew otherwise. (Id. at 10.) The Third Circuit has noted that it is "extremely hesitant to find law enforcement conduct so offensive that it violated the Due Process Clause." United States v. Hoffecker, 530 F.3d 137, 154 (3d Cir. 2008) (quoting United States v. Voigt, 89 F.3d 1050, 1065 (3d Cir. 1996.)). A due process violation based on the Government's use of perjured testimony at trial requires a showing that: "(1) [Rhoades] committed perjury; (2) the Government knew or should have

known of [Rhoades's] perjury; (3) [Rhoades's] testimony went uncorrected; and (4) there is a reasonable likelihood that the false testimony could have affected the verdict." Id. at 183. A witness commits perjury when he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Here, both the grand jury and trial records reflect that Rhoades had difficulty complying with the Court's pretrial order to refrain from referring to Petitioner and his co-defendant by their aliases. (Doc. No. 337 at 370-71.) Rhoades knew Petitioner and his co-defendant only by their street names and frequently confused them when referring to them by their proper names throughout the proceedings. (Doc. 361-1 at 9-10.) The record, however, makes clear that these inconsistencies were a product of confusion and mistake rather than willful perjury. Thus, while Rhoades presented some inconsistent testimony, the claim of prosecutorial misconduct against the Government for presenting perjured testimony is baseless because the testimony in question does not satisfy the Hoffecker test.

Petitioner's next allegation of prosecutorial misconduct is that the Government intentionally concealed information from the defense regarding the post-trial disclosure of the March 8, 2007 incident in which Rhoades possessed a small amount of crack cocaine. (Doc. No. 358 at 10.) To prevail on a claim of prosecutorial misconduct, the actions must be "shocking, outrageous, and clearly intolerable." United States v. Nolan-Cooper, 155 F.3d 221, 230 (3d Cir. 1998). This Court, after reviewing Petitioner's motion for a new trial, and the Third Circuit, after reviewing the issues raised on appeal, determined that, while the untimely release of this information was unfortunate, the Government's failure to disclose this evidence did not prejudice the defense in any significant way. (Doc. No. 349-2 at 53; Doc. No. 268.)

9

Additionally, the Government stresses that the concealment of this evidence was unintentional. (Doc. No. 361 at 19.) In weighing the overall effect that this evidence may have had on the trial, its withholding cannot be said to constitute "shocking, outrageous, [or] clearly intolerable" conduct.

Petitioner's final allegation is that Attorney Consiglio improperly called Rhoades before the grand jury to obtain his testimony in order to prepare for trial. (Doc. No. 361 at 19.) Petitioner alleges that Attorney Consiglio violated the American Bar Association Standards for Criminal Justice, Standard 3-3.6(g), which provides that a prosecutor should not use the grand jury in order to obtain evidence to assist the prosecution in preparation for trial of a defendant who has already been charged by indictment. Petitioner's argument is baseless because the Government did not use Rhoades's grand jury testimony in order to obtain evidence against Petitioner for the charges brought in the first two indictments. New charges were brought against Petitioner in the third superseding indictment, and, prior to its issuance, Rhoades was properly brought before the grand jury to present relevant evidence relating to those charges. Accordingly, these allegations do not warrant habeas relief.

### D. Failure to Object, Challenge, or Raise Argument of Prosecutorial Misconduct

Finally, Petitioner alleges that his counsel was ineffective for not pursuing a claim of prosecutorial misconduct against Attorney Consiglio. As discussed, the two-prong Strickland standard of deficient performance and prejudicial effect must be met in order to make out a successful claim of ineffective assistance of counsel. 466 U.S. at 667-69. Counsel's decisions to pursue the other remedies of a motion for new trial and an appeal were appropriate in light of the fact that a claim of prosecutorial misconduct would not likely have been successful. As a result,

counsel's decisions cannot be said to be objectively unreasonable or deficient and, therefore, Petitioner is not entitled to relief under Section 2255 on this ground.

## V. CERTIFICATE OF APPEALABILITY

In proceedings brought under 28 U.S.C. § 2255, an applicant cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. Under Section 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims. A COA will not issue in this case.

## VI. CONCLUSION

The Court concludes that Petitioner has failed to state any claims in his Section 2255 motion that merit relief. Further, because the record in this matter conclusively demonstrates that Petitioner is not entitled to relief, the Court will not conduct an evidentiary hearing. An order consistent with this memorandum follows.

**IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BARRON WALKER,** : | |
|     Petitioner : | No. 1:07-cr-00263 |
| : | |
| **v.** : | **(Chief Judge Kane)** |
| : | |
| **UNITED STATES OF AMERICA,** : | |
|     Respondent : | |

# ORDER

**AND NOW**, on this 16th day of August 2013, **IT IS HEREBY ORDERED THAT** Petitioner Barron Walker's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 355) is **DENIED**, and a certificate of appealability **SHALL NOT ISSUE**. The Clerk of Court is directed to close the case.

                                              S/ Yvette Kane
                                              Yvette Kane, Chief Judge
                                              United States District Court
                                              Middle District of Pennsylvania