IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRON WALKER,** | : | |
| Petitioner | : | No. 1:07-cr-00263-2 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |
| | : | |

## MEMORANDUM

Before the Court is Petitioner Barron Walker ("Petitioner")'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 391), as supplemented with permission of the Court by his Supplement to Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 447). For the reasons that follow, the Court will deny Petitioner's motion.

**I.    BACKGROUND**

On June 27, 2007, a grand jury issued an Indictment charging Petitioner with crack cocaine distribution, conspiracy and firearms offenses. (Doc. No. 1.) After additional investigation, in February 2008, a grand jury returned an eight-count Third Superseding Indictment, charging Petitioner with six counts of drug trafficking, firearms and robbery offenses. (Doc. No. 74.) Count six (6) of the Third Superseding Indictment charged Petitioner with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a).[1] Count five (5) of the Third Superseding Indictment charged Petitioner with possession of a firearm in furtherance of the

---

[1] Count six charged that Petitioner and his co-defendants "knowingly and willfully committed a robbery affecting interstate commerce in that they attempted to rob a person engaged in business affecting interstate commerce by attempting to unlawfully take cash and other property from this person against this person's will at gunpoint by means of actual and threatened force and violence." (Doc. No. 74 at 6.)

crimes in violation of 18 U.S.C. § 924(c).[2]  After trial, a jury found Petitioner guilty of five of the six charged offenses, including counts five and six.  (Doc. No. 211.)

A Presentence Report ("PSR") determined that Petitioner was a career offender and that his sentencing guideline range was 210 to 262 months based on an offense level of 32 and a criminal history category of VI.  (PSR ¶ 42.)  Because Petitioner was convicted of two counts of violating 18 U.S.C. § 924(c), his guideline range was increased by 360 months, for a total guideline range of 570 to 622 months.[3]  On July 8, 2010, the Court sentenced Petitioner to 570 months' imprisonment.  (Doc. No. 325.)  His sentence consisted of 210 months' imprisonment on Counts 1, 2 and 6, a term of 60 months' imprisonment on Count 3, to be served consecutively to the other counts, and a term of 300 months on Count 5, to be served consecutively to Count 3.  (Id. at 3.)  Petitioner filed a direct appeal to the United States Court of Appeals for the Third Circuit, and the Third Circuit affirmed the Court's judgment.  See United States v. Walker, 657 F.3d 160 (3d Cir. 2011).

On May 9, 2016, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 391), on the basis that his consecutive sentence pursuant to 18 U.S.C. § 924(c) violates due process and should be vacated based on the United

---

[2] Count five charged that Petitioner "did intentionally and knowingly possess, carry, and use a firearm during, in relation to, and in furtherance of a drug trafficking offense, to wit, the attempt to take by force controlled substances and United States currency from an unknown individual in violation of Title 21, United States Code Section 841(a)(1), and Title 18 United States Code, Section 1951, and did aid and abet the same."  (Doc. No. 74 at 5.)  While the count five charge referenced drug trafficking and the Hobbs Act as 924(c) predicate offenses, the trial presentation, jury instructions, and verdict limited the predicate to the Hobbs Act.  (Doc. No. 211 at 3.)

[3] The Court notes that, at the time of Petitioner's trial and sentencing, a defendant who was convicted of two Section 924(c) offenses in a single prosecution faced a 25-year minimum for the second or subsequent violation.  Section 403 of the First Step Act changed the law so that only a second Section 924(c) violation committed after a prior violation is finalized triggers the 25-year minimum.  See United States v. Davis, 139 S. Ct. 2319, 2324 n.1 (2019).

States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015),[4] which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") and its definition of a "violent felony" as unconstitutionally vague.  Pursuant to Standing Order 15-6 of the United States District Court for the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Related to the Application of Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Petitioner.  (Doc. No. 392.)

Because Petitioner had previously filed a Section 2255 motion, his counsel filed a motion to hold his motion in abeyance pending permission from the Third Circuit Court of Appeals to file a successive Section 2255 motion.  (Doc. No. 393.)  This Court granted the motion by Order dated May 16, 2016.  (Doc. No. 395.)  Following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), the Third Circuit granted Petitioner's application to file a supplemental Section 2255 motion.  (Doc. No. 437.)

After the Third Circuit granted Petitioner permission to file the instant successive 2255 motion, Petitioner filed a counseled Supplement to Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  (Doc. No. 447.)  That motion argues that a violation of 18 U.S.C. § 1951 (attempting to commit Hobbs Act robbery or completed Hobbs Act robbery) is no longer a crime of violence after Johnson, and therefore, Petitioner's conviction and consecutive sentence on count five for violation of 18 U.S.C. § 924(c) violates due process and should be vacated.  (Id.)  After receiving an extension of time from the Court, the Government filed its

---

[4] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review.  See Welch v. United States, 136 S. Ct. 1257 (2016).

brief in opposition on February 5, 2020 (Doc. No. 450), and Petitioner filed his reply brief on February 18, 2020 (Doc. No. 451).

In connection with the briefing on Petitioner's motion, counsel noted that the Third Circuit was considering whether attempted Hobbs Act robbery constitutes a crime of violence under Section 924(c)(3)(A)'s elements clause after Davis.  See United States v. Marcus Walker, No. 15-4062.  The Third Circuit had held resolution of that case pending its decision in two other joined cases where the question before it was whether a completed Hobbs Act robbery constitutes a crime of violence under Section 924(c)(3)(A)'s elements clause after Davis.  See United States v. Copes, No. 19-1494, United States v. Monroe, No. 16-4384 (submitted October 23, 2019).  Accordingly, on March 25, 2020, this Court issued an Order recognizing that the Third Circuit's decision in those cases would inform the Court's ultimate resolution of Petitioner's motion, and staying the resolution of Petitioner's motion pending a decision from the Third Circuit in the above-referenced cases.  (Doc. No. 452.)

On January 6, 2021, a three-judge panel of the Third Circuit issued a non-precedential opinion in Copes and Monroe holding that Hobbs Act robbery is a crime of violence under the elements clause of Section 924(c).  See United States v. Monroe, No. 16-4384, 2021 WL 50161 at *2 (3d Cir. Jan. 6, 2021).  On March 9, 2021, Petitioner's counsel filed a Notice of Third Circuit Decisions (Doc. No. 463) informing the Court of the Third Circuit's Copes and Monroe decision, and the Third Circuit's recent issuance of a precedential opinion in United States v. (Marcus) Walker, No. 15-4062, 2021 WL 833994 (3d Cir. Mar. 5, 2021).  In Walker, the Third Circuit held that both completed Hobbs Act robbery and attempted Hobbs Act robbery constitute crimes of violence under the elements clause of Section 924(c).  See id. at *6-9.  Petitioner's Section 2255 motion is therefore ripe for resolution.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or its otherwise subject to collateral attack." See 28 U.S.C. § 2255(a).

As noted above, Petitioner seeks to vacate his Section 924(c) conviction and consecutive sentence of 300 months based on Johnson.  Pursuant to 18 U.S.C. § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, possesses, brandishes, or discharges a firearm "during and in relation to any crime of violence."  See 18 U.S.C. § 924(c)(1)(A)(i)-(iii).  A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  See id. § 924(c)(3).  Courts have generally referred to clause A of Section 924(c)(3) as the "elements clause" and clause B of Section 924(c)(3) as the "residual clause."  See United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

In Johnson, as noted above, the Supreme Court invalidated as unconstitutionally vague the residual clause of the ACCA, 18 U.S.C. § 924(e).  The ACCA provides for a mandatory minimum sentence of fifteen (15) years' imprisonment for individuals convicted under 18 U.S.C. § 922(g) who possess three prior adult convictions for "violent felonies" or "serious drug offenses."  See 18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as including three

categories of offenses, the third of which, the residual clause, was at issue in Johnson. That clause refers to crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." See id. § 924(e)(2)(B)(i). The Supreme Court's decision in Johnson invalidating this clause as unconstitutionally vague gave rise to additional constitutional challenges to similar residual clauses. See Beckles v. United States, 137 S. Ct. 886 (2017) (rejecting a vagueness challenge to the residual clause of the United States Sentencing Guidelines' career offender definition); see also Sessions v. Dimaya, 139 S. Ct. 1204 (2018) (applying Johnson and finding unconstitutionally vague the residual clause of the federal criminal code's definition of a crime of violence).

Finally, the Supreme Court granted a petition for certiorari in United States v. Davis, 139 S. Ct. 782 (2019), specifically to consider the question presented by Petitioner's motion – whether, under Johnson, the residual clause of Section 924(c) is unconstitutionally vague. On June 24, 2019, the Supreme Court issued its decision in Davis, extending the holding of Johnson to Section 924(c)(3)(B) and finding its residual clause unconstitutionally vague.[5] Accordingly, after Davis, an offense may qualify as a Section 924(c) crime of violence only under the "elements clause," not under the "residual clause." See 18 U.S.C. § 924(c)(3)(A) (requiring an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

---

[5] The Supreme Court in Davis did not expressly state whether its holding applies retroactively to cases on collateral review. However, the Third Circuit has recently held that Section 2255 challenges based on Davis meet the gatekeeping requirements applicable to second or successive 2255 motions; specifically, that a petitioner makes a prima facie showing that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See In re Matthews, 934 F.3d 296 (3d Cir. 2019); see also In re Hammond, 782 F. App'x 899 (11th Cir. 2019) (holding that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review).

As noted above, Petitioner argues that the relevant crime of violence for purposes of his 924(c) conviction is attempted Hobbs Act robbery, and that attempted Hobbs Act robbery is not a crime of violence under Section 924(c)'s elements clause after Davis. (Doc. No. 447 at 10-16.) However, unfortunately for Petitioner, the Third Circuit's recent precedential opinion in Walker comes to the opposite conclusion, holding that "[w]e think it apparent that Congress meant for all attempted crimes of violence to be captured by the elements clause of § 924(c), and courts are not free to disregard that direction and hold otherwise." See Walker, 2021 WL 833994, at *9. Upon consideration of the above precedential authority, this Court finds that attempted Hobbs Act robbery qualifies as a crime of violence under Section 924(c)(3)'s "elements clause." Accordingly, because Petitioner's predicate crime of violence supporting his count five conviction – attempted Hobbs Act robbery – is sufficient to support a Section 924(c)(3) conviction, Petitioner has not demonstrated an entitlement to Section 2255 relief.

### III.   CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claim. A COA, therefore, will not issue in this case.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C.§ 2255 based on the Supreme Court's decision in <u>Johnson</u>, and, therefore, the Court will deny his Section 2255 motion. An Order consistent with this Memorandum follows.